[Crim. No. 8051.   Second Dist., Div. Four.   June 6, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JACK RAY BARNES, Defendant and Appellant.

Jack Ray Barnes, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—By amended information filed by the district attorney, Jack Ray Barnes was charged in Count I with kidnaping in violation of section 207 of the Penal Code, a felony, and in Count II with assault by means of force likely to produce great bodily harm in violation of section 245 of the Penal Code, a felony.

Defendant was represented by counsel and the case was tried to a jury. Defendant was found guilty on both counts. Probation was denied and defendant was sentenced to state prison for the term prescribed by law with respect to each count, with sentences as to each count to run concurrently with each other.

Defendant applied for appointment of counsel to assist him on the appeal. This court having made an independent investigation of the record and having determined it would be neither advantageous to defendant nor helpful to the court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona. Defendant was notified and given ample time to file a brief. None has been filed. However, we have given the appeal full consideration.

The victim was returning home from work on March 1, 1961, at about 1:30 a. m. When she was several blocks from home she noticed a foreign car pass her. It circled the block and went by her a second time. Just as she got to the street corner she noticed the car had been parked right at the corner. There was no one in the car. She then saw a man walking around the corner. The man stopped her, showed her the knife in his hand, threatening her that if she screamed "he would cut her neck off." He then grabbed her and pushed her toward the alley. When he had pushed her about 20 feet "up the alley" she stumbled and fell. She testified "he got down on me and started stabbing me in the back and then he kicked me in the stomach." Meanwhile, she was screaming; her coat and sweater were cut. At this point she heard the sound of a door slamming. The man jumped up and ran away and she ran home.

Her husband got up from bed to let her in the house. She was hysterical, complained that she had been assaulted and pointed to the car in the street. Her husband put on his trousers and shoes, joined his wife on the porch and she pointed out that the sports car was then in motion, passing in front of the house. The husband got in his car. His wife joined him. They followed the sports car for a number of blocks and noted its license number. They subsequently lost the car in traffic and reported the incident to the police.

The police checked the license number and found the automobile registered to defendant. They went to his home at about 2:30 that same morning. They found the car parked there and noted the engine was warm. Both defendant and his wife were asleep. No knife was found in the car or in defendant's possession.

The victim identified defendant in a police show-up. He conformed to the description which she had given the police.

Defendant stated that after having dinner that evening with his wife at home they had gone to bed; that he had become restless; he noted he had run out of cigarettes and that he had gotten up about 1 o'clock that morning, dressed and gone in his car to get some cigarettes. He had driven several miles from his home, bought the cigarettes and had a cup of coffee. He then continued to drive in a direction directly opposite from his home. He went into an area with which he was not familiar and, according to him, aimlessly circled a block or two; his car had just been repaired and he was testing it. He noted at one point that he was being followed by a car with a man and woman in it. He denied accosting or assaulting the victim.

There was substantial evidence to support defendant's guilt and there was no error in the trial. (*People* v. *Hinton*, 166 Cal.App.2d 743 [333 P.2d 822]; *People* v. *Urrutia*, 58 Cal. App.2d 468, 470-471 [137 P.2d 48].) The appeal is wholly without merit.

We affirm the judgment and the order denying new trial.